1  RICHARD K. DIAMOND (State Bar No. 070634)
   rdiamond@dgdk.com
2  WALTER K. OETZELL (State Bar No. 109769)
   woetzell@dgdk.com
3  STEVEN J. SCHWARTZ (State Bar No. 200586)
   sschwartz@dgdk.com
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
5  Los Angeles, California 90067-2904
   Telephone:  (310) 277-0077
6  Facsimile:  (310) 277-5735

7  [Proposed] Attorneys for Debtor and Debtor in Possession

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

11 | In re                                  ) | Case No. 2:10-bk-22370-BR
                                          )
12 | MISSION REAL ASSOCIATES, LLC,          ) | Chapter 11
                                          )
13 |          Debtor and Debtor in Possession. | ) | **EMERGENCY MOTION FOR ORDER**
                                          ) | **AUTHORIZING THE DEBTOR TO**
14                                         ) | **INCUR OBLIGATION TO PAY**
                                          ) | **EXPENSES OF WILSHIRE BUNDY**
15                                         ) | **PROPERTY PENDING SALE;**
                                          ) | **MEMORANDUM OF POINTS AND**
16                                         ) | **AUTHORITIES; DECLARATIONS OF**
                                          ) | **R. TODD NEILSON, LOUIS CICALESE**
17                                         ) | **AND STEVEN J. SCHWARTZ IN**
                                          ) | **SUPPORT THEREOF**
18                                         )
                                          ) | Date: [TO BE SET]
19                                         ) | Time: [TO BE SET]
                                          ) | Place: Ctrm: "1668"
20                                         )         255 E. Temple Street
                                          )         Los Angeles, CA 90012
21                                         )
                                          )
22 _____  )

23 **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

24 **THE UNITED STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES**

25 **ENTITLED TO NOTICE HEREOF:**

26      **PLEASE TAKE NOTICE** that on _____, 2010, at _____a.m., in Courtroom

27 "1668" of the United States Bankruptcy Court for the Central District of California, Los Angeles

28 Division, located at 255 East Temple Street, Los Angeles, California, Mission Real Associates,

-1-

352905.03 [XP]    25184

1  LLC, the debtor and debtor-in-possession herein ("Mission" or the "Debtor"), will and hereby

2  moves on an emergency basis pursuant to 11 U.S.C. §§ 363, 1107(a) and 1108, Federal Rules of

3  Bankruptcy Procedure 4001 and 9014, and Local Bankruptcy Rules 2081-1(a)(9), 4001-2, and

4  9075-1(a) for an interim order:

5          1.      authorizing the Debtor to incur an obligation of up to $355,525.48 from

6  proceeds of the sale of property of affiliated entities to cover the expense shortfall of the property

7  known as the Wilshire Bundy Office Building, located at 12121 Wilshire Boulevard, Los Angeles,

8  CA 90025 (the "Wilshire Bundy Property") in which the Debtor owns an interest (the "Motion"),

9  on an interim basis, pending a final hearing to be set by the Court on not less than 14 days' notice;

10         2.      setting a final hearing to consider approval of the Motion;

11         3.      affirming the adequacy of the notice given; and

12         4.      granting such other and further relief that may be just and proper.

13         This Motion is made on the grounds that: (1) incurring the obligation is necessary for the

14  continuance of business operations pending the sale of the Wilshire Bundy Property pursuant to the

15  sale procedures approved by the Bankruptcy Court in the related case of Ezri Namvar ("Namvar"),

16  Case No. 2:08-bk-32349-BR (the "Namvar Case") to which the Debtor has agreed to be bound.

17         This Emergency Motion is based upon this Notice of Emergency Motion and Emergency

18  Motion, the accompanying Memorandum of Points and Authorities, the Statement Pursuant to

19  Local Bankruptcy Rule F 4001-2 that is being filed concurrently herewith, the Declarations of R.

20  Todd Neilson and Louis A. Cicalese being filed concurrently herewith, the papers and pleadings on

21  file in this case, and such other evidence that may be presented to the Court.

22

23  Dated: May ____6____, 2010          DANNING, GILL, DIAMOND & KOLLITZ, LLP

24

25

26  By: _____
                                          Steven J. Schwartz
27                                        [Proposed] Attorneys for Debtor and
                                          Debtor in Possession
28

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF RELIEF REQUESTED

Mission Real Associates, LLC ("Mission Real" or the "Debtor") seeks authority on an emergency basis to incur an obligation of up to $355,525.48 (the "Obligation") from a certain trust account at Pacific Western Bank (the "Account") containing proceeds of the sale of certain property sold by affiliated entities of the Debtor. The Obligation will result from the use by or on behalf of the Debtor and other debtor and non-debtor owners of interests in certain commercial property commonly known as 12121 Wilshire Boulevard, Los Angeles, California (the "Wilshire Bundy Property") to cover operating expense shortfalls pending the sale of that property. All parties who claim an interest in the Account have consented to the use of the funds for this purpose. The Obligation will be repaid through escrow from the net proceeds of sale of Wilshire Bundy after payment of consensual, undisputed liens and ordinary costs of sale in full.

Pursuant to Federal Rule of Bankruptcy Procedure 4001(c)(2), the Debtor is seeking approval on an interim basis to incur obligations of up to $355,525.48 (including $70,000 in order to cover the monthly mortgage obligation and to avoid immediate and irreparable harm to the estate). The Debtor is seeking authority to incur the Obligation on a final basis not less than 14 days after service of this motion upon all creditors and interested parties. Mission Real seeks the entry of an interim order in the form of the proposed order that is attached hereto as Exhibit "A."

As described in greater detail below, prior to the commencement of this Chapter 11 case, the sellers of property known as the Hotel Angeleno and the Trustees of Ezri Namvar and Namco Capital Group (collectively, the "Trustees") agreed that the proceeds of that sale be placed in an account controlled by the Namvar Trustee and held until the parties' respective entitlements to those funds was resolved and that the funds to be used to pay operating expense shortfalls, including the then due real property tax installment, of the Wilshire Bundy Property, with amounts so used to be replenished back to the account from the net sale proceeds of the Wilshire Bundy Property. Since the continued use of this funding mechanism will result in the Debtor–in–Possession incurring an obligation as a tenant in common of the Wilshire Bundy Property, this

-3-

1  Motion seeks authority under 11 U.S.C. § 364 for the use of the account to continue to fund any

2  operational shortfalls at the property.

3                                          II.

4                              **STATEMENT OF FACTS**

5  **A.    Commencement of Chapter 11 Case**

6         On March 31, 2010 (the "Petition Date"), Mission Real commenced this case by filing a

7  voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Code").

8  The bankruptcy schedules have been filed, and Mission Real operates as a debtor-in-possession.

9  No creditors committee has been appointed in this case.

10 **B.    Description of Business**

11         Mission Real is one of eight Limited Liability Companies that own an interest in certain

12 property located at Wilshire Bundy Plaza, 12121 Wilshire Boulevard, Los Angeles, California (the

13 "Property").  The Property, situated on the northwest corner of Wilshire Boulevard and Bundy

14 Drive in the Brentwood District of Los Angeles, is comprised of approximately 1.02 acres of land

15 and a Class A 14 story office building with more than 307,000 square feet of office space.  As of

16 December 9, 2009, the building is 85% occupied.

17         The fee interest in one of the parcels comprising the land portion of the Property is owned

18 by three limited liability companies as tenants in common:  Bundy Dimes, LLC,[1] which owns a

19 67% interest in the land; Bunherst, LLC, which owns an 18% interest; and Tribun, LLC, which

20 owns a 15% interest (collectively, the Land Owners").  The Land Owners lease this portion of the

21 land, pursuant to a ground lease, to five limited liability companies that own the improvements and

22 the fee interest in the other parcels which comprise the land portion of the Property:  Civic Palm,

23 LLC, which owns a 17.3% interest in the improvements; Mission Real, which owns a 52% interest;

24 Wilbun 7, LLC, which owns a 14.7% interest; Wilshire Bundy Holdings, LLC, which owns a 15%

25

26 _____

27 [1] Bundy Dimes, LLC filed a voluntary Chapter 11 bankruptcy petition on March 31, 2010, and was
   assigned case number 2:10-bk-22149-BR.

28
                                          -4-

1    interest; and Bunwil Capital, LLC,[2] which owns a 1% interest (collectively, the "Building Owners"

2    and together with the Land Owners, the "Property Owners").  The Property is managed by Pentaco

3    Management, Inc. ("Pentaco").  Mission Real and the other Building Owners are collectively

4    responsible for the building's operations.

5         Ezri Namvar ("Namvar")[3] owns a 91.5% membership interest in Mission Real and his

6    brother, Tony Namvar, owns 7.5%.  Mission Real Manager, LLC owns a 1% membership interest

7    in the Debtor and is the managing member of the Debtor.  R. Todd Neilson is the successor

8    member and manager of Mission Real Manager, LLC.  Hence, Mr. Neilson is the manager of the

9    Debtor.

10   **C.    Liens Against The Property**

11        Wells Fargo Bank, N.A., as trustee for the registered holders of J.P. Morgan Chase

12   Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series

13   2006-LDP7 ("Lender") is the holder of a promissory note in the original principal amount of

14   $60,030,000.00, dated March 30, 2006 ("Note").  The borrowers under the Note are Wilbun 7,

15   LLC, Mission Real, Wilshire Bundy Holdings LLC, Civic Palm LLC and Bunwil Capital LLC (the

16   Building Owners).

17        The Note is secured by a Fee and Leasehold Deed of Trust, Assignment of Rents and

18   Leases, Security Agreement and Fixture Financing Statement recorded in the Los Angeles County

19   Recorder's Office as Document No. 060691169 on or about March 31, 2006 ("Deed of Trust"),

20   encumbering the Property, and certain other documents including, but not limited to, that certain

21   Loan Agreement dated March 30, 2006 ("Loan Agreement") and a Guaranty executed by Namvar

22   dated March 30, 2006 (the "Guaranty") (collectively, the "Loan Documents").  The security

23

24   [2] Bunwil Capital, LLC filed a voluntary Chapter 11 bankruptcy petition on March 31, 2010, and
     was assigned case number 2:10-bk-22153-BR.

25

26   [3] On December 22, 2008, petitioning creditors of Namvar filed an involuntary petition for relief
     under chapter 11 of the Code.  Namvar consented to the entry of the order for relief on or about
     January 29, 2009, and the order for relief was entered.  On March 11, 2009, the Court entered an
27   order approving the employment of R. Todd Neilson, as Chapter 11 Trustee of Namvar.

28

352905.03 [XP]    25184

1  interests of the Lender constitute first-priority liens on the Property and all of the rents, revenues,

2  issues and profits derived from the Property.

3          Pursuant to the Loan Documents, all rents, revenues, issues and profits derived from the

4  Property (the "Cash Collateral") were unconditionally and absolutely assigned to Lender as

5  security for repayment of the Note, and Borrowers were granted a license to collect the Cash

6  Collateral provided that no Event of Default exists under the Loan Documents.

7          Lender asserts that the principal balance of the Loan as of the Petition Date was

8  $58,898,336.90 (the "Indebtedness"), and that additional interest, attorneys' fees and other costs

9  and expenses will continue to accrue in light of the Debtor's defaults.

10          On April 10, 2010, the Court entered an Order authorizing the use of Lender's Cash

11  Collateral on an interim basis, pursuant to the terms of a stipulation between the Lender and the

12  Debtor.  On April 20, 2010, the Court granted the Debtor's motion for use of Cash Collateral on a

13  final basis.  An order granting the motion was entered on or about April 28, 2010.  The monthly

14  payments on the Loan are $347,447 and are current, except for default interest, which the Lender

15  has agreed to defer pursuant to the terms of the cash collateral agreement reached between the

16  parties attached to the cash collateral motion.

17          The Property is also subject to a Second Deed of Trust in the original principal amount of

18  $10,000,000, held by General Life and Accident Insurance Company, a Tennessee corporation

19  ("General Life").  The borrowers under the General Life note are Bundy Dimes, LLC; Bunherst,

20  LLC; and Tribun, LLC (the Land Owners).

21  **D.      Factors Precipitating Mission Real's Chapter 11 Filing**

22          On March 18, 2010, R. Todd Neilson, in his capacity as Chapter 11 Trustee for Ezri

23  Namvar (the "Namvar Trustee"), filed his Motion for an Order (A) Approving Sale Procedures and

24  Bid Protections, Including Break-Up Fee and Contingent Expense Reimbursement, In Connection

25  With the Sale of the Land and Building Located at Wilshire Bundy Plaza; (B) Scheduling an

26  Auction and a Hearing to Consider Approval of Sale; (C) Approving Notice of Auction and

27  Hearing on Approval of Sale; (D) Approving the Purchase and Sale Agreement With the Stalking

28  Horse Bidder; (E) Approving the Procedures for the Assumption and Assignment of Leases and

1  Contracts; and (F) Granting Related Relief filed in the Namvar Case, docket entry no. 447 (the

2  "Sale Procedures Motion"). The Namvar Trustee, the Debtor, Bundy and Bunwil intend to sell the

3  Wilshire Bundy Property at an auction subject to Bankruptcy Court approval, free and clear of all

4  liens, claims and interests with the same to attach to the net sale proceeds with the same force and

5  effect. The Sale Procedures Motion was approved by the Court at a hearing on March 31, 2010.

6  The Order granting the Sale Procedures Motion has been lodged. A sale hearing has been set for

7  May 12, 2010 at 10:00 a.m.

8       The Debtor, along with the other owners of the interests in the Wilshire Bundy Property are

9  defendants a State Court lawsuit, Case No. BC410017, for breach of contract and for foreclosure on

10  a purchaser's lien in respect of both the fee interest and improvements on the Wilshire Bundy

11  Property. The amount of the lien sought to be foreclosed exceeds $5,000,000. In conjunction with

12  this action, the plaintiffs filed a lis pendens, clouding title on all interests in the Wilshire Bundy

13  Property. Upon filing, this action was removed to the Bankruptcy Court in the Mission Real case

14  and is currently pending as Adversary Proceeding 2:10-ap-10661.

15       In addition, a creditor of Trifish, LLC, which is a member of one of the TICs holding the

16  fee interest in the Wilshire Bundy Property, filed a writ of attachment in a State Court lawsuit, Case

17  No. BC413602, against Bundy Dimes' interest in the Wilshire Bundy Property and sought to further

18  interrupt the sole source of Bundy Dimes' income by attaching the rents of the tenants in the

19  Wilshire Bundy Building, which rents are used to pay the ground lease. A third creditor, Khalil

20  Varastehpour, in State Court Case BC410781, sought to impose a lien against all the interests in the

21  Wilshire Bundy Property, and he filed a lis pendens as against all interests in that property,

22  including the Debtor's interest.

23       The Debtor filed this Bankruptcy Case as a result of the shortfall in income generated by the

24  Building to pay taxes and other expenses to which the Debtor is liable (as described below), in an

25  effort to maximize the value of the Debtor's sole asset, its interest in the Wilshire Bundy Property,

26  for the benefit of the estate and its creditors, and in order to protect the equity in its interest in the

27  Wilshire Bundy Property from claims of disputed creditors (described above) that asserted rights to

28  ///

1  foreclose equitable liens on the Wilshire Bundy Property, to attach the rents from the Wilshire

2  Bundy Property and to assert other liens and interests in the Wilshire Bundy Property.

3  **E.**     **Facts Specific To Requested Relief**

4         EXPO Delaware SPE LLC, a Delaware limited liability company; Sunset – 8 Delaware SPE

5  LLC, a Delaware limited liability company; CAP 16 Delaware SPE LLC, a Delaware limited

6  liability company; Seven Mills Delaware SPE LLC, a Delaware limited liability company

7  (collectively, "Sellers") sold certain real estate located in Los Angeles, California commonly

8  known as the Hotel Angelino (the "Hotel").  Sellers, Bradley D. Sharp, Bankruptcy Trustee for the

9  Namco Capital Group, Inc. Bankruptcy Case (the "Namco Trustee"), and the Namvar Trustee

10  (collectively, the "Escrow Parties") each assert interests in the net sale proceeds of the Hotel (the

11  "Funds").

12         Sellers and the Property Owners are all part of a web of LLC's that purchased, developed

13  and/or operated properties with money from investors of Namco and/or Namvar.[4]  Sellers are

14  controlled by Ezri Namvar and/or his brothers Hooshang Namvar and Homayoun Namvar.  Sellers,

15  the Trustees and the Debtor, directly or indirectly, own or assert interests in the Wilshire Bundy

16  Property through the eight tenants in common which hold title to the fee interest or to the

17  improvements in respect of the Wilshire Bundy Property, which tenants in common include, but are

18  not limited to, the Debtor, Bundy and Bunwil (collectively, the "TIC's").

19         On or about March 19, 2010, the Escrow Parties entered into an Escrow Disbursement

20  Agreement,[5] whereby the Escrow Parties agreed to transfer the Funds out of the escrow where they

21  were being held pending resolution of the disputed claims of the Escrow Parties, for the purpose of

22

23  ─────────────

[4] A detailed description of the business structure of Namco, Namvar and the affiliated LLC's is set

24  forth in the Notice of Motion and Joint Motion of the Chapter 11 Trustee of Namco Capital Group,
    Inc., and the Chapter 11 Trustee for Ezri Namvar for an Order: (1) Approving that Certain

25  Stipulation Between the Debtor Ezri Namvar and the Trustees Re Control of Affiliated Limited
    Liability Companies; etc., which was filed in the Namvar Bankruptcy Case on August 6, 2009

26  (docket entry no. 263) and is incorporated herein by this reference.

[5] A copy of the Escrow Disbursement Agreement is attached to the Declaration of Louis A.

27  Cicalese, marked as Exhibit "1".

28

352905.03 [XP]    25184

1    paying property taxes and operating expenses of the Wilshire Bundy Property, with the balance to

2    be held in a segregated account by the Namvar Trustee.  Subsequent to the execution of the Escrow

3    Distribution Agreement, the Escrow Parties agreed that the funds would be transferred into an

4    account of Pentaco Management, Inc. ("Pentaco"), the property manager of the Wilshire Bundy

5    Property, to be used to fund any operation shortfalls of the property provided that the disbursement

6    of the funds would be controlled by Louis Cicalese, LLC, which is the successor manager of

7    various affiliated LLC's (including two of the TIC's- Bundy Dimes, LLC and Bunwil Capital,

8    LLC) and a consultant employed by the Trustees ("Cicalese").  Accordingly, Cicalese caused the

9    Account to be opened in the name of Pentaco but as to which Cicalese is the sole signatory.

10            In March, 2010, the Property did not generate enough cash flow to pay all of its expenses.

11    On or about March 24, 2010, pursuant to the Escrow Disbursement Agreement, Cicalese caused

12    Pentaco to disburse $165,805.76 from the Account to pay a portion of the April installment of the

13    real estate taxes as well as other expenses of the Wilshire Bundy Property that could not be covered

14    by the income of the Wilshire Bundy Property including the April real property tax installment.

15    There was another operating shortfall in April, 2010, and on or about April 6, 2010, Cicalese

16    caused Pentaco to disburse an additional $40,000 from the Account to pay immediate and urgent

17    expenses of the Wilshire Bundy Property.

18            The Wilshire Bundy Property continues to operate at a shortfall.  Based upon operating

19    budgets prepared by Pentaco and the estimated costs of leasing (three new leases were recently

20    signed pursuant to which the landlord must pay approximately $206,212 in brokerage commissions

21    and tenant improvement costs and four more leases have been negotiated and are pending pursuant

22    to which approximately $417,000 in commissions and tenant improvements must be paid by the

23    landlord), the Property will continue to generate a negative cash flow.  According to the cash flow

24    projections prepared for the Property, for the months of May and June, 2010, the Property will

25    generate a negative cash flow in the approximate amount of $645,025; however, there are many

26    factors that are outside the control of management that could increase or decrease the actual versus

27

28

1  projected shortfall.  Such factors include rent collections, tenant improvement allowance payments,

2  leasing commission payments and any unforeseen operating expenditures.[6]

3  As of May 5, 2010, there is a balance of $355,525.48 remaining in the Account.  Right now, there

4  is an immediate cash shortfall of $70,000 which is needed to pay the Wells Fargo mortgage

5  payment.  Neither the DIP's nor the other TICs presently have the funds available to pay the

6  Wilshire Bundy Expenses and they have been unable to locate any alternate source of funding.

7  **F.    Summary of Terms of The Future Use of The Account**

8          The Account will continue to be used in accordance with the terms of the Escrow

9  Disbursement Agreement, *to wit*, under Cicalese's control, Pentaco shall draw amounts from the

10  Account of up to $355,525.48 (including an immediate draw of $70,000) for the purpose of paying

11  expenses incurred in the ordinary course of business of the Wilshire Bundy Property.  The balance

12  of the Funds will remain in the Account.  Any escrow instructions relating to the sale of the

13  Wilshire Bundy Property shall include or shall be amended to include a provision directing escrow

14  to pay to the Account from the proceeds received from the sale of the Wilshire Bundy Property,

15  after payment of any undisputed liens, and prior to distribution to the TICs, an amount equal to the

16  amount drawn from the Account as of the date of closing.

17

18

19

20

21

22

---

23  [6] See, Declaration of Louis Cicalese at paragraph 9 and Declaration of Bradley E. Lofgren In
    Support of Omnibus Reply to Oppositions to Joint Motion of Debtors and Chapter 11 Trustee for
24  Order (A) Approving the Sale of the Land and Building Located at Wilshire Bundy Plaza, Free and
    Clear of Certain Liens, Claims, Interests and Encumbrances; (B) Authorizing Distribution of the
25  Sale Proceeds to the Trustee; (C) Authorizing the Trustee to Pay Certain Costs of Sale and
    Commission; (D) Authorizing the Assumption and Assignment of Contracts And Leases (the
26  "Lofgren Declaration").  A true and correct copy of the Lofgren Declaration is attached to the
    Declaration of Steven J. Schwartz attached hereto, marked as Exhibit "2" and is incorporated
27  herein by this reference.

28

352905.03 [XP]    25184

## III.

## ARGUMENT

**A.    The Court Should Authorize The Incurring of An Obligation To Pay Operating Expenses of The Wilshire Bundy Property**

Section 364 of the Code provides that if a trustee, and therefore a debtor in possession pursuant to section 1107, is unable to obtain unsecured credit allowable under section 503(b)(1) of the Code as an administrative expense,

> the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt –
> (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;
> (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or
> (3) secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c).

Courts have adopted a number of non-exclusive factors when asked to approve a debtor-in-possession's incurring of debt under section 364.   These factors are:

(1)    whether the incurring of debt is an exercise of sound and reasonable business judgment;

(2)    whether alternative financing is available on any other basis;

(3)    whether the incurring of debt is in the best interests of the estate and its creditors; and

(4)    as a corollary to the first three points, that no better offers, bids, or timely proposals are before the Court.

*In re Western Pacific Airlines, Inc.,* 223 B.R. 567, 572  (Bankr. D.N.M. 2002).

Additional factors considered include:

(5)    whether the incurring of debt is necessary to preserve the assets of the estate,

(6)    whether the terms of the transaction are fair, reasonable, and adequate, given the circumstances of the debtor-borrower and the proposed lender.

-11-

1    (7)  whether the debt is necessary, essential, and appropriate for the continued operation

2 of the Debtors' businesses and the preservation of their estate, and

3    (8)  whether the agreement was negotiated in good faith and at arm's length between the

4 debtors, on the one hand, and the lenders, on the other hand.

5 *In re The Crouse Group, Inc.*, 71 B.R. 544, 549 (Bankr. E.D.Pa. 1987); *In re WorldCom, Inc.*, 2002

6 WL 1732646, at *3 (Bankr. S.D.N.Y. 2002).

7    Based upon the evidence provided in the attached declarations of R. Todd Neilson and

8 Louis A. Cicalese, the Debtor has satisfied each of those factors.  The draw from the Account is a

9 sound and reasonable exercise of the Debtor's business judgment as it will enable Pentaco to

10 continue to pay the necessary operating expenses of the Wilshire Bundy Property pending the

11 auction and sale of said property for the benefit of the estate.

12    Because the draw is needed immediately and given the pending auction of the Wilshire

13 Bundy Property, there are no viable options for alternative funding on an unsecured basis.  In that

14 regard, the Debtor also notes that the "statute imposes no duty to seek credit from every possible

15 lender before concluding that such credit is unavailable." *Bray v. Shenandoah Savings and Loan*

16 *Association (In re Snowshoe Co., Inc.)*, 789 F.2d 1085, 1088 (4th Cir. 1986).  This is particularly

17 true where time is of the essence.  *Id.*  Under the circumstances of this case, and given the exigent

18 circumstances, the Account is the only possible source of funding.  Moreover, such funding is

19 beneficial since a priming lien is not sought.

20    Upon approval of the proposed funding, the Escrow Parties are entitled to the protections of

21 section 364(e) of the Code which provides that:

22     The reversal or modification on appeal of an authorization under this
      section to obtain credit or incur debt, or of a grant under this section
23     of a priority or a lien, does not affect the validity of any debt so
      incurred, or any priority or lien so granted, to an entity that extended
24     such credit in good faith, whether or not such entity knew of the
      pendency of the appeal, unless such authorization and the incurring
25     of such debt, or the granting of such priority or lien, were stayed
      pending appeal.
26

27 11 U.S.C. § 364(e).

28

-12-

1    The purpose of section 364(e) is:

2       to overcome people's natural reluctance to deal with a bankrupt firm
        whether as purchaser or lender by assuring them that so long as they
3       are relying in good faith on a bankruptcy judge's approval of the
        transaction they need not worry about their priority merely because
4       some creditor is objecting to the transaction and is trying to get the
        district court or the court of appeals to reverse the bankruptcy judge.
5       The proper recourse for the objecting creditor is to get the transaction
        stayed pending appeal.

6
7    *In re Graphic Arts Lithographers, Inc.*, 71 B.R. 774, 776 (9th Cir. BAP 1987) (quoting *In re EDC*

8    *Holding Co.*, 676 F.2d 945, 947 (7th Cir. 1982)). To determine good faith, courts generally look at

9    the integrity of the actor's conduct during the proceedings. *In re Adams Apple, Inc.*, 829 F.2d

10   1484, 1489 (9th Cir. 1987). For example, if a lender knows that its actions are improper, but

11   proceeds anyway in the hopes that a stay is not granted, the lender does not act in good faith.

12   *Graphic Arts Lithographers*, 71 B.R. at 776-777 (quoting *EDC Holding*, 676 F.2d at 947). Other

13   examples in which good faith does not exist are where there is fraud, collusion, an attempt to take

14   grossly unfair advantage of others, improper purpose, or knowledge of the illegality of a

15   transaction. *Adams Apple*, 829 F.2d at 1489.

16       The Debtor seeks authority to incur the obligations that it will become liable for as tenant-

17   in-common of the Wilshire Bundy Property under the Escrow Disbursement Agreement upon the

18   making of future distributions from the Account by Pentaco for the benefit of the Property to

19   enable the Debtor and the rest of the TIC's to ensure the continuity of business operations pending

20   the sale of the Wilshire Bundy Property. Indeed, without this funding source, some of the

21   operating expenses will not be paid, which would have a ripple effect through the operations, likely

22   causing existing tenants to vacate and further decreasing the available funds to pay expenses as

23   they come due. The Escrow Parties have agreed to advance the funds for this purpose in a good

24   faith effort to maintain this valuable asset in which each asserts a direct or indirect interest pending

25   its sale for the benefit of creditors.

26

27

28

352905.03 [XP]    25184

## IV.

## CONCLUSION

Based upon the above reasons, the Debtor respectfully requests that the Court enter an order:

1.    authorizing the Debtor to incur an obligation of up to $355,525.48 (including $70,000 on an immediate basis) from proceeds of the sale of property of affiliated entities to cover the expense shortfall of the property known as the Wilshire Bundy Office Building, located at 12121 Wilshire Boulevard, Los Angeles, CA 90025 ("Property") in which the Debtor owns an interest (the "Motion"), pending a final hearing to be set by the Court on not less than 14 days' notice;

2.    setting a final hearing to consider approval of the Motion;

3.    affirming the adequacy of the notice given; and

4.    granting such other and further relief that may be just and proper.

Dated: May ___6___, 2010          DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
Steven J. Schwartz
[Proposed] Attorneys for Debtor and
Debtor in Possession

-14-

352905.03 [XP]     25184

DECLARATION

## DECLARATION OF R. TODD NEILSON

I, R. Todd Neilson, declare as follows:

1.     I am the successor member and manager of Mission Real Manager, LLC, the managing member for Mission Real Associates, LLC, the Debtor and Debtor in Possession herein (the "Debtor" or "Mission Real"). My address is 2049 Century Park East, Ste 2300, Los Angeles, CA 90067.

2.     I am over the age of 18 years and competent to give this declaration. The matters stated herein are true and correct and based upon my personal knowledge except as to such matters stated on information and belief which matters I believe to be true.

3.     On March 31, 2010 (the "Petition Date"), Mission Real commenced this case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Code"). The bankruptcy schedules have been filed, and Mission Real operates as a debtor-in-possession. No creditors committee has been appointed in this case.

4.     Mission Real is one of eight limited liability companies that own an interest in certain property located at Wilshire Bundy Plaza, 12121 Wilshire Boulevard, Los Angeles, California (the "Wilshire Bundy Property"). The Wilshire Bundy Property, situated on the northwest corner of Wilshire Boulevard and Bundy Drive in the Brentwood District of Los Angeles, is comprised of approximately 1.02 acres of land and a Class A 14 story office building with more than 307,000 square feet of office space. As of December 9, 2009, the building is 85% occupied.

5.     According to a Preliminary Title Report which obtained from Chicago Title Company, the Wilshire Bundy Property is owned as follows: The fee interest in one of the parcels comprising the land portion of the Wilshire Bundy Property is owned by three limited liability companies as tenants in common: Bundy Dimes, LLC, which owns a 67% interest in the land; Bunherst, LLC, which owns an 18% interest; and Tribun, LLC, which owns a 15% interest (collectively, the "Land Owners"). The Land Owners lease this portion of the land, pursuant to a ground lease, to five limited liability companies that own the improvements and the fee interest in the other parcels which comprise the land portion of the Wilshire Bundy Property: Civic Palm,

-15-

1 | LLC, which owns a 17.3% interest in the improvements; Mission Real, which owns a 52% interest;

2 | Wilbun 7, LLC, which owns a 14.7% interest; Wilshire Bundy Holdings, LLC, which owns a 15%

3 | interest; and Bunwil Capital, LLC, which owns a 1% interest (collectively, the "Building Owners"

4 | and together with the Land Owners, the "Property Owners").

5 |      6.    Ezri Namvar ("Namvar") owns a 91.5% membership interest in Mission Real and

6 | his brother, Tony Namvar, owns 7.5%. Mission Real Manager, LLC owns a 1% membership

7 | interest in the Debtor and is the managing member of the Debtor. I am the successor member and

8 | manager of Mission Real Manager, LLC. Hence, I am the manager of the Debtor.

9 |      7.    I am informed that Wells Fargo Bank, N.A., as trustee for the registered holders of

10 | J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through

11 | Certificates, Series 2006-LDP7 ("Lender") is the holder of a promissory note in the original

12 | principal amount of $60,030,000.00, dated March 30, 2006 ("Note"). The borrowers under the

13 | Note are Wilbun 7, LLC, Mission Real, Wilshire Bundy Holdings LLC, Civic Palm LLC and

14 | Bunwil Capital LLC (the Building Owners).

15 |      8.    The Note is secured by a Fee and Leasehold Deed of Trust, Assignment of Rents

16 | and Leases, Security Agreement and Fixture Financing Statement recorded in the Los Angeles

17 | County Recorder's Office as Document No. 060691169 on or about March 31, 2006 ("Deed of

18 | Trust"), encumbering the Property, and certain other documents including, but not limited to, that

19 | certain Loan Agreement dated March 30, 2006 ("Loan Agreement") and a Guaranty executed by

20 | Namvar dated March 30, 2006 (the "Guaranty") (collectively, the "Loan Documents"). The

21 | security interests of the Lender constitute first-priority liens on the Property and all of the rents,

22 | revenues, issues and profits derived from the Property.

23 |      9.    Pursuant to the Loan Documents, all rents, revenues, issues and profits derived from

24 | the Property (the "Cash Collateral") were unconditionally and absolutely assigned to Lender as

25 | security for repayment of the Note, and Borrowers were granted a license to collect the Cash

26 | Collateral provided that no Event of Default exists under the Loan Documents.

27 | ///

28 | ///

352905.03 [XP]    25184

10.     Lender asserts that the principal balance of the Loan as of the Petition Date was $58,898,336.90 (the "Indebtedness"), and that additional interest, attorneys' fees and other costs and expenses will continue to accrue in light of the Debtor's defaults.

11.     On April 10, 2010, the Court entered an Order authorizing the use of Lender's Cash Collateral on an interim basis, pursuant to the terms of a stipulation between the Lender and the Debtor. On April 20, 2010, the Court granted the Debtor's motion for use of Cash Collateral on a final basis. An order granting the motion has been lodged with the Court.  The monthly payments on the Loan are approximately $347,447 which I am informed are current, except for default interest, which the Lender has agreed to defer pursuant to the terms of the cash collateral agreement reached between the parties attached to the cash collateral motion.

12.     I am informed that the Property is also subject to a Second Deed of Trust in the original principal amount of $10,000,000, held by General Life and Accident Insurance Company, a Tennessee corporation ("General Life").  The borrowers under the General Life note are Bundy Dimes, LLC; Bunherst, LLC; and Tribun, LLC (the Land Owners).

13.     On March 18, 2010, in my capacity as Chapter 11 Trustee for Ezri Namvar, I filed a Motion for an Order (A) Approving Sale Procedures and Bid Protections, Including Break-Up Fee and Contingent Expense Reimbursement, In Connection With the Sale of the Land and Building Located at Wilshire Bundy Plaza; (B) Scheduling an Auction and a Hearing to Consider Approval of Sale; (C) Approving Notice of Auction and Hearing on Approval of Sale; (D) Approving the Purchase and Sale Agreement With the Stalking Horse Bidder; (E) Approving the Procedures for the Assumption and Assignment of Leases and Contracts; and (F) Granting Related Relief filed in the Namvar Case, docket entry no. 447 (the "Sale Procedures Motion").

14.     Bundy, Bunwil, Mission Real and I, in my capacity as the Namvar Trustee, intend to sell the Wilshire Bundy Property at an auction subject to Bankruptcy Court approval, free and clear of all liens, claims and interests with the same to attach to the net sale proceeds with the same force and effect.

15.     The Sale Procedures Motion was approved by the Court at a hearing on March 31, 2010. The Order granting the Sale Procedures Motion was entered on April 28, 2010.

-17-

16.     I am informed that EXPO Delaware SPE LLC, a Delaware limited liability company; Sunset – 8 Delaware SPE LLC, a Delaware limited liability company; CAP 16 Delaware SPE LLC, a Delaware limited liability company; Seven Mills Delaware SPE LLC, a Delaware limited liability company (collectively, "Sellers") sold certain real estate located in Los Angeles, California commonly known as the Hotel Angeleno (the "Hotel"). Sellers, Bradley D. Sharp, Bankruptcy Trustee for the Namco Capital Group, Inc. Bankruptcy Case (the "Namco Trustee"), and I, in my capacity as the Chapter 11 Trustee for Ezri Namvar (together with the Namco Trustee, the "Trustees") each assert interests in the net sale proceeds of the Hotel (the "Funds").

17.     Sellers and the Property Owners are all part of a web of LLC's that purchased developed and/or operated properties with money from investors of Namco and/or Namvar. Sellers are controlled by Ezri Namvar and/or his brothers Hooshang Namvar and Homayoun Namvar. Sellers, the Trustees and the Debtor, directly or indirectly, own or assert interests in the Wilshire Bundy Property through the eight tenants in common (collectively, the "TIC's") which hold title to the fee interest or to the improvements in respect of the Wilshire Bundy Property, which tenants in common include, but are not limited to, the Debtor, Bundy Dimes, LLC and Bunwil Capital, LLC.

18.     On or about March 19, 2010, the Sellers and the Trustees (collectively, the "Escrow Parties") entered into an Escrow Disbursement Agreement, whereby the Escrow Parties agreed to transfer the Funds out of the escrow where they were being held pending resolution of the disputed claims of the Escrow Parties, for the purpose of paying property taxes and operating expenses of the Wilshire Bundy Property, with the balance to be held in a segregated account by me. A true and correct copy of the Escrow Disbursement Agreement is attached hereto, marked as Exhibit "1" and incorporated herein by this reference. Subsequent to the execution of the Escrow Distribution Agreement, the Escrow Parties agreed that the funds would be transferred into an account (the "Account") of Pentaco Management, Inc. ("Pentaco") the property manager of the Wilshire Bundy Property, to be used to fund any operation shortfalls of the property provided that the disbursement of the funds would be controlled by Louis Cicalese, LLC, which is the successor manager of various affiliated LLC's (including two of the TIC's- Bundy Dimes, LLC and Bunwil Capital,

-18-

1  LLC) and a consultant employed by the Trustees ("Cicalese").  Accordingly, Cicalese caused to be

2  opened the Account which is in the name of Pentaco but as to which Cicalese is the sole signatory.

3         19.     The Debtor seeks authority on an emergency basis to incur an obligation of up to

4  $355,525.48 (the "Obligation") from a certain trust account at Pacific Western Bank (the

5  "Account") containing proceeds of the sale of certain property sold by affiliated entities of the

6  Debtor.  The Obligation will result from the use by or on behalf of the Building Owners to cover

7  operating expense shortfalls pending the sale of that property.  All parties who claim an interest in

8  the Account have consented to the use of the funds for this purpose.

9         20.     The Account will continue to be used in accordance with the terms of the Escrow

10  Disbursement Agreement, *to wit*, under Cicalese's control, Pentaco amounts from the Account of

11  up to $355,525.48 (including $70,000 on an immediate basis to cover the balance of the May, 2010

12  mortgage payment) for the purpose of paying expenses incurred in the ordinary course of business

13  of the Wilshire Bundy Property.  The balance of the Funds will remain in the Account.  Any

14  escrow instructions relating to the sale of the Wilshire Bundy Property shall include or shall be

15  amended to include a provision directing escrow to pay to the Account from the proceeds received

16  from the sale of the Wilshire Bundy Property, after payment of any undisputed liens, and prior to

17  distribution to the TICs, an amount equal to the amount drawn from the Account as of the date of

18  closing.

19         21.     The Obligation is a sound and reasonable exercise of the Debtor's business

20  judgment as it will enable Pentaco to continue to pay the necessary operating expenses of the

21  Wilshire Bundy Property pending the auction and sale of said property for the benefit of the estate.

22         22.     Because the funds are needed immediately and given the pending auction of the

23  Wilshire Bundy Property, there are no viable options for alternative funding on an unsecured basis.

24         23.     The Debtor seeks to utilize funds from the Account with the Escrow Parties' consent

25  to enable the Debtor and the rest of the TIC's to ensure the continuity of business operations.

26  ///

27  ///

28

-19-

352905.03 [XP]    25184

1    24.    I believe in my business judgment that the proposed Obligation is in the best interest

2  of the estate and should be approved.

3        I declare under penalty of perjury under the laws of the United States of America that the

4  foregoing is true and correct.

5        Executed this 6TH day of May, 2010, at Los Angeles, California.

6

7                                        /s/
                                    R. Todd Neilson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION

# DECLARATION OF LOUIS A. CICALESE

I, Louis A. Cicalese, declare as follows:

1.      I am the managing member of Louis A. Cicalese, LLC, which is the successor manager of Bunwil Capital, LLC, ( "Bunwil") and Bundy Dimes, LLC ("Bundy"), affiliates of Mission Real, LLC, the Debtor herein (the "Debtor" or "Mission"). I have been engaged, pursuant to an order of the Court entered on October 22, 2009, by the bankruptcy estates of Namco Capital Group, Inc. and Ezri Namvar (the "Estates"), as an independent contractor, to provide real estate consulting and evaluation services to the Estates and as manager of certain limited liability companies in which the Namvar estate owns an interest. I have worked in the real estates industry since 1969. I have been engaged in commercial real estate development since 1979 and have been a principal in real estate transactions totaling in excess of $500,000,000. I have been directly responsible for running the day-to-day operations of a real estate syndication company that employed over 80 full time employees throughout the country and a general partner in three hotels in the Los Angeles area. My extensive experience enables me to deal expeditiously with assets that may require hands-on management and oversight.

2.      In my capacity as the real estate consultant for the Trustee of the Namvar Estate I have acted as liaison between the Estate and Pentaco Management Company, the company managing the Wilshire Bundy building. In this capacity I am personally involved in the leasing efforts of the owners as well as in monitoring the income and expenses of the Wilshire Bundy building. My address is 12121 Wilshire Blvd., Ste 200, Los Angeles, CA 90025. My address is 12121 Wilshire Blvd., Ste 200, Los Angeles, CA 90025.

3.      I am over the age of 18 years and competent to give this declaration. The matters stated herein are true and correct and based upon my personal knowledge except as to such matters stated on information and belief which matters I believe to be true.

4.      I am informed that EXPO Delaware SPE LLC, a Delaware limited liability company; Sunset – 8 Delaware SPE LLC, a Delaware limited liability company; CAP 16 Delaware SPE LLC, a Delaware limited liability company; Seven Mills Delaware SPE LLC, a Delaware limited liability company (collectively, "Sellers") sold certain real estate located in Los Angeles,

-21-

California commonly known as the Hotel Angeleno (the "Hotel"). Sellers and the Trustees (collectively, the "Escrow Parties") each assert interests in the net sale proceeds of the Hotel (the "Funds").

5.    Sellers and the Property Owners are all part of a web of LLC's that purchased, developed and/or operated properties with money from investors of Namco and/or Namvar. Sellers are controlled by Ezri Namvar and/or his brothers Hooshang Namvar and Homayoun Namvar. Sellers, the Trustees and the Debtor, directly or indirectly, own or assert interests in that certain commercial property commonly known as 12121 Wilshire Blvd., Ste 200, Los Angeles, CA 90025 (the "Wilshire Bundy Property") through the eight tenants in common (collectively, the "TIC's") which hold title to the fee interest or to the improvements in respect of the Wilshire Bundy Property, which tenants in common include, but are not limited to, the Debtor, Bundy and Bunwil.

6.    On or about March 19, 2010, the Escrow Parties entered into an Escrow Disbursement Agreement, whereby the Escrow Parties agreed to transfer the Funds out of the escrow where they were being held pending resolution of the disputed claims of the Escrow Parties, for the purpose of paying property taxes and operating expenses of the Wilshire Bundy Property, with the balance to be held in a segregated account by the Namvar Trustee. Subsequent to the execution of the Escrow Distribution Agreement, the Escrow Parties agreed that the funds would be transferred into an account of Pentaco Management, Inc., the property manager of the Wilshire Bundy Property, to be used to fund any operation shortfalls of the property, provided that the disbursement would be handled by Louis Cicalese, LLC, which is the successor manager of various affiliated LLC's (including two of the TIC's- Bundy Dimes, LLC and Bunwil Capital, LLC) and a consultant employed by the Trustees ("Cicalese"). Accordingly, I opened the Account which is in the name of Pentaco but as to which I am the sole signatory.

7.    In March, 2010, the Property did not generate enough cash flow to pay all of its expenses. On or about March 24, 2010, pursuant to the Escrow Disbursement Agreement, I caused to be disbursed $165,805.76 from the Account to pay a portion of the April installment of the real estate taxes as well as other expenses of the Wilshire Bundy Property.

-22-

1      8.    There was another operating shortfall in April, 2010, and on or about April 6, 2010,

2  I caused to be disbursed an additional $40,000 from the Account to pay immediate and urgent

3  expenses of the Wilshire Bundy Property.

4      9.    The Wilshire Bundy Property continues to operate at a shortfall.  Based upon

5  operating budgets prepared by Pentaco and the estimated costs of leasing (three new leases were

6  recently signed pursuant to which the landlord must pay approximately $206,212 in brokerage

7  commissions and tenant improvement costs and four more leases have been negotiated and are

8  pending pursuant to which approximately $417,000 in commissions and tenant improvements must

9  be paid by the landlord), the Property will continue to generate a negative cash flow.  According to

10  the cash flow projections prepared for the Property, for the months of May and June, 2010, the

11  Property will generate a negative cash flow in the approximate amount of $645,025; however, there

12  are many factors that are outside the control of management that could increase or decrease the

13  actual versus projected shortfall.  Such factors include rent collections, tenant improvement

14  allowance payments, leasing commission payments and any unforeseen operating expenditures.

15      10.    As of May 5, 2010, there is a balance of $355,525.48 remaining in the Account.

16      11.    Neither the DIP's nor the other TICs presently have the funds available to pay the

17  Wilshire Bundy Expenses and they have been unable to locate any alternate source of funding.

18      12.    Without the incurring the additional obligations contemplated by this Motion, some

19  of the operating expenses will not be paid, which would have a ripple effect through the operations,

20  likely causing existing tenants to vacate and further decreasing the available funds to pay expenses

21  as they come due.

22

23      I declare under penalty of perjury under the laws of the United States of America that the

24  foregoing is true and correct.

25      Executed this 6th day of May, 2010, at Los Angeles, California.

26

27                                      /s/
                                      Louis A. Cicalese

28

352905.03 [XP]    25184

# DECLARATION

### DECLARATION OF STEVEN J. SCHWARTZ

I, STEVEN J. SCHWARTZ, declare:

1.     I am an attorney at law duly licensed to practice law in the State of California and before this Court and am an associate in the law firm of Danning, Gill, Diamond & Kollitz, LLP, which is proposed bankruptcy counsel for Mission Real Associates, LLC, Debtor and Debtor in Possession (the "Debtor").

2.     I have personal knowledge of the facts in this declaration, except as to those matters that are based upon information and belief, which matters I believe to be true.  If called as a witness, I could testify competently to these facts.

3.     Attached hereto, marked as Exhibit "2" is a true and correct copy of the Declaration of Bradley E. Lofgren In Support of Omnibus Reply to Oppositions to Joint Motion of Debtors and Chapter 11 Trustee for Order (A) Approving the Sale of the Land and Building Located at Wilshire Bundy Plaza, Free and Clear of Certain Liens, Claims, Interests and Encumbrances; (B) Authorizing Distribution of the Sale Proceeds to the Trustee; (C) Authorizing the Trustee to Pay Certain Costs of Sale and Commission; (D) Authorizing the Assumption and Assignment of Contracts And Leases (the "Lofgren Declaration").

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 6th day of May, 2010, at Los Angeles, California.

_____
Steven J. Schwartz

-24-

352905.03 [XP]     25184

EXHIBIT "A"

1 | RICHARD K. DIAMOND (State Bar No. 070634)
  | rdiamond@dgdk.com
2 | WALTER K. OETZELL (State Bar No. 109769)
  | woetzell@dgdk.com
3 | STEVEN J. SCHWARTZ (State Bar No. 200586)
  | sschwartz@dgdk.com
4 | DANNING, GILL, DIAMOND & KOLLITZ, LLP
  | 2029 Century Park East, Third Floor
5 | Los Angeles, California 90067-2904
  | Telephone: (310) 277-0077
6 | Facsimile: (310) 277-5735

7 | [Proposed] Attorneys for Debtor and Debtor in Possession

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **LOS ANGELES DIVISION**

11 | In re ) Case No. 2:10-bk-22370-BR
   | )
12 | MISSION REAL ASSOCIATES, LLC, ) Chapter 11
   | )
13 | Debtor and Debtor in Possession. ) ORDER GRANTING EMERGENCY
   | ) MOTION FOR ORDER AUTHORIZING
14 | ) THE DEBTOR TO INCUR OBLIGATION
   | ) TO PAY EXPENSES OF WILSHIRE
15 | ) BUNDY PROPERTY PENDING SALE
   | )
16 | ) Date:
   | ) Time:
17 | ) Place: Ctrm: "1668"
   | )       255 E. Temple Street
18 | )       Los Angeles, CA 90012
   | )
19 | )
   | )
20 | )
   | )
21 | _____ )

22 | On _____ 2010, at _____.m., the Court heard and considered the Emergency Motion

23 | for Order Authorizing the Debtor to Incur Obligation to Pay Expenses of Wilshire Bundy Property

24 | (the "Motion") filed by Mission Real Associates, LLC, the debtor and debtor-in-possession herein

25 | ("Mission Real" or the "Debtor"), the Honorable Barry Russell, United States Bankruptcy Judge,

26 | presiding. Appearances were as noted in the record at the hearing.

27 | The Court having considered the Motion, all papers filed in support thereof including the

28 | declarations filed in support thereof, and all of the other pleadings on file in the Debtor's case,

1

EXHIBIT A          0025

353464.01 [XP]    25184

1  having heard the statements of counsel at the hearing, having found that notice of the hearing and

2  the Motion was adequate and proper, and for good cause appearing,

3      IT IS ORDERED THAT:

4      1.    The Motion is granted.

5      2.    Mission Real is authorized to incur an obligation of up to $355,525.48 from

6  proceeds of the sale of property of affiliated entities to cover the expense shortfall of the property

7  known as the Wilshire Bundy Office Building, located at 12121 Wilshire Boulevard, Los Angeles,

8  CA 90025 ("Property") in which the Debtor owns an interest, on an interim basis.

9      3.    A final hearing on the Motion shall be set for _____, 2010 at 10:00 a.m.

10      4.    Objections, if any, need to be filed with a copy to chambers by _____, 2010 at

11  _____.m.

12      5.    Replies, if any, need to be filed with a copy to chambers by _____, 2010.

13      6.    The Court retains jurisdiction with respect to any matters, claims, rights or disputes

14  arising from or related to the implementation of this Order.

15      7.    The Debtor is authorized to take all actions necessary to effectuate the relief granted

16  pursuant to this order in accordance with the Motion.

17          ###

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A    0026

353464.01 [XP]    25184

| | |
|---|---|
| In re:<br><br>  MISSION REAL ASSOCIATES, LLC<br><br>                                    Debtor(s). | CHAPTER: 11<br>CASE NO.: 2:10-bk-22370-BR<br>ADV. NO: |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

  2029 Century Park East, Third Floor
  Los Angeles, California 90067-2904

A true and correct copy of the foregoing document described as **ORDER GRANTING EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO INCUR OBLIGATION TO PAY EXPENSES OF WILSHIRE BUNDY PROPERTY PENDING SALE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

                                        ⌐ Service information continued on attached page

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**  On May 6, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                                        ⌐ Service information continued on attached page

**III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 6, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Served By Personal Delivery**
Hon. Barry Russell, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012

                                        ⌐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 6, 2010 | Cheryl Caldwell | /s/ Cheryl Caldwell |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
353464.01 [XP]    25184

EXHIBIT A      0027
**F 9013-3.1**

| | |
|---|---|
| In re:<br><br>    MISSION REAL ASSOCIATES, LLC<br><br>Debtor(s). | CHAPTER: 11<br>CASE NO: 2:10-bk-22370-BR<br>ADV NO.: |

## NOTE TO USERS OF THIS FORM:

1)    Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2)    The title of judgment or order and all service information must be filled in by the party lodging the order.
3)    **Category I. below:** The United States trustee and case trustee (if any) will always be in this category.
4)    **Category II. below:** List ONLY addresses for debtor (and attorney), movant (or attorney) and persona/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO INCUR OBLIGATION TO PAY EXPENSES OF WILSHIRE BUNDY PROPERTY PENDING SALE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.     SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of May 6, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Simon Aron    saron@wrslawyers.com
Russell Clementson    russell.clementson@usdoj.gov
Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
Richard K Diamond    rdiamond@dgdk.com
Jeffery D Hermann    jhermann@orrick.com
James KT Hunter    jhunter@pszjlaw.com
Yale K Kim    ykim@allenmatkins.com
Stuart I Koenig    Skoenig@cmkllp.com
Jeffrey A Krieger    jkrieger@ggfirm.com
Scotta E McFarland    smcfarland@pszjlaw.com, smcfarland@pszjlaw.com
Hal M Mersel    mark.mersel@bryancave.com
Walter K Oetzell    woetzell@dgdk.com
Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
Leo D Plotkin    lplotkin@lsl-la.com, dsmall@lsl-la.com
David M Poitras    dpoitras@jmbm.com
Christopher S Reeder    creeder@reederlugreen.com
Steven J Schwartz    sschwartz@dgdk.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.     SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.     TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☑ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.    Exhibit A    0028

*January 2009*    **F 9021-1.1**
353464.01 [XP]    25184

| | | |
|---|---|---|
| In re: | MISSION REAL ASSOCIATES, LLC | Debtor(s). | CHAPTER: 11<br>CASE NO: 2:10-bk-22370-BR<br>ADV NO.: |

## SERVICE LIST FOR ENTERED ORDER

### III.    TO BE SERVED BY THE LODGING PARTY

H. Mark Mersel
Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

Don Kerr, Esq.
LNR Partners Inc.
1601 Washington Avenue, Suite 700
Miami Beach, Florida 33139

Attorney for Namco Creditors
Committee
Stuart I. Koenig
Creim Macias Koenig & Frey, LLP
633 West 5th Street, 51st Floor
Los Angeles, CA 90071

Sandy Frey
Creim Macias Koenig & Frey, LLP
633 West 5th Street, 51st Floor
Los Angeles, CA 90071

Counsel for Namvar Creditors
Committee
Leonard Shulman
Shulman, Hodges, & Bastian, LLP
26632 Towne Centre Dr Ste 300
Foothill Ranch, CA 92610

Melissa Davis
Shulman, Hodges, & Bastian, LLP
26632 Towne Centre Dr Ste 300
Foothill Ranch, CA 92610

Attorney for Dimes, LLC, Involuntary
Debtor
David Meadows
Law Offices of David W. Meadows
1801 Century Park E Ste 1250
Los Angeles, CA 90067

Mission Real Associates, LLC
R. Todd Neilson, Trustee
Estate of Ezri Namvar
c/o LECG, LLC
2049 Century Park East, Ste 2300
Los Angeles, CA 90067

Seller
c/o Christopher Reeder and Richard
Schloss
Reeder, Lu, & Green, LLP
2121 Avenue of the Stars, Suite 950
Los Angeles CA 90067

Escrow Agent
Stewart Title Guaranty Company
1980 Post Oak Boulevard, Suite 610
Houston, TX 77056
Attn: Patricia Rodricks

**Mission Real 25 Largest Creditors**
Boyle Avenue, LLC
K. Joseph Shabani, Esq.
c/o Shabani & Shabani LLP
1801 Ave of the Stars Ste 1035
Los Angeles, CA 90067

Brickwalk, LLC
K. Joseph Shabani, Esq.
1801 Ave of the Stars Ste 1035
c/o Shabani & Shabani LLP
Los Angeles, CA 90067

Buckingham Heights Lease LLC
Namco Capital Group, Inc.
c/o Bradley D. Sharp, Trustee
12121 Wilshire Blvd, Ste 200
Los Angeles, CA 90025

Culver Marina Lease, LLC
Namco Capital Group, Inc.
c/o Bradley D. Sharp, Trustee
12121 Wilshire Blvd., Ste 200
Los Angeles, CA 90025

Estate of Ezri Namvar
c/o R. Todd Neilson, Trustee
c/o LECG, LLC
2049 Century Park East, Ste 2300
Los Angeles, CA 90025

Khalil Varastephour
c/o Marc E. Rohatiner, Esq.
Wolf Rifkin Shapiro Schulman et al.
11400 West Olympic Blvd., 9th Fl
Los Angeles, CA 90064

McConnell Marina Lease, LLC
Namco Capital Group, Inc.
c/o Bradley D. Sharp, Trustee
12121 Wilshire Blvd., Ste 200
Los Angeles, CA 90025

Mission Real Manager, LLC
12121 Wilshire Blvd., Ste 601
Los Angeles, CA 90025

Moiz Ashourpour
c/o Saul Reiss, Esq.
Law Offices of Saul Reiss, P.C.
2800 28th Street
Los Angeles, CA 90405

Namco Capital Group
c/o Bradley D. Sharp, Trustee
12121 Wilshire Blvd., Ste 200
Los Angeles, CA 90025

Robert Hanasab
Anthony J. Oliva, Esq.
c/o Allen Matkins Leck Gamble et al
515 S. Figueroa Street, 9th Fl
Los Angeles, CA 90071

Rolling Capital Hills, LLC
K. Joseph Shabani, Esq.
c/o Shabani & Shabani LLP
1801 Ave of the Stars Ste 1035
Los Angeles, CA 90067

Safeco Holding Corp
Anthony J. Oliva, Esq.
c/o Allen Matkins Leck Gamble et al
515 S. Figueroa Street, 9th Fl
Los Angeles, CA 90071

Saraly Anavim
c/o Saul Reiss, Esq.
Law Offices of Saul Reiss, P.C.
2800 28th Street
Los Angeles, CA 90405

Louis A. Cicalese
12121 Wilshire Blvd. Suite 200
Los Angeles, CA 90025

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.    0029

January 2009
353464.01 [XP]    25184

EXHIBIT A

F 9021-1.1

| In re: | | |
|---|---|---|
| MISSION REAL ASSOCIATES, LLC | | CHAPTER: 11<br>CASE NO: 2:10-bk-22370-BR<br>ADV NO.: |
| | Debtor(s). | |

Beverly Hills, CA 90210

Starpoint Properties LLC
Anthony J. Oliva, Esq.
c/o Allen Matkins Leck Gamble et al
515 S. Figueroa Street, 9th Fl
Los Angeles, CA 90071

Tony Namvar
12121 Wilshire Blvd., Ste 601
Los Angeles, CA 90025

Watt Leed Lease, LLC
Namco Capital Group, Inc.
c/o Bradley D. Sharp, Trustee
12121 Wilshire Blvd., Ste 200
Los Angeles, CA 90025

Ezri Namvar, Trustee of Namvar
Family Trust
Dated December 5, 1994
12855 Parkyns Street
Los Angeles, CA 90049

**Attorney for Namco and Namvar**
Stephen F. Bigenzahn
4300 Via Marisol, Ste. 764
Los Angeles, Ca 90042-5079

Howard J. Weg
David B. Shemano
Monserrat Morales
Jennifer Leland
10100 Santa Monica Blvd., Ste. 1450
Los Angeles, Ca 90067

Namco 20 Largest
The Rastegar Family Trust
Attn: Solomon Rastegar
1005 Schuler Road
Beverly Hills, CA 90210

RPM Investment,
Harron Hanasab &
M & Y Management Inc.
Attn: Robert Hanasab
606 S. Olive Street, #600
Los Angeles, CA 90014

Robert Hanasab
1073 Linda Flora Drive
Los Angeles, CA 90049

Roya Boucheriam
Attn: David Norouzi
17881 Puerto Vallarta
Encino, CA 91316

The Abulafia Trust
Attn: Hayim Abulafia
315 S. Beverly Drive, Suite 301
Beverly Hills, CA 90212

4M Investments
1400 E. Olympic Blvd.
Los Angeles, CA 90212

Elliot Sharaby
4481 N. 41st Street Ct.
Hollywood, FL 33021

Epsilon Electronics
1550 S. Maple Ave.
Montebello, CA 90640

Canyon Spring Shopping Center, LLC
Attn: Issac Moradi
9301 Wilshire Blvd., #315
Beverly Hills, CA 90210

Abraham Assil
1000 S. Westgate Ave. #10
Los Angeles, CA 90049
Eliaho Cohanim
Attn: Kambiz Kohanim
4609 Dunman Avenue
Woodland Hills, CA 91367

David Haghnazarzadeh &
Blackhawk Properties
18210 Hateras Street
Tarzana, CA 91356

David Haghnazarzadeh &
Blackhawk Properties
450 N. Roxbury Drive
Beverly Hills, CA 90210

David Golkar
575 Anton Blvd. #880
Costa Mesa, CA 92626

David Zarabi
523 N. Rodeo Drive

All Century Inc.
15910 Ventura Blvd. #1505
Encino, CA 91436

Kamran Benji
506 Gretna Green Way
Los Angeles, CA 90049

David Tabaan
888 S. Figueroa Street, #1900
Los Angeles, CA 90017

David York
11611 San Vicente Blvd. #520
Los Angeles, CA 90049

1826 Nikoo Investments Ltd
Attn: Jacob Kohanzadeh
P.O. Box 260104
Encino, CA 91426

SRF Investment
Attn: Ramin Javahery
5526 S. Soto
Vernon, CA 90058

Ramin Gabayan
16351 Sloan Drive
Los Angeles, CA 90049

Namvar 20 Largest
Abraham Assil
1000 S Westgate #100
Los Angeles, CA 90049

American Express Bank FSB
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

American Express Centurion Bank
P.O. Box 3001
Malvern, PA 19355-0701

Bk Section MS A340
Franchise Tax Board
P O Box 2952
Sacramento, CA 95812-2952

Daimler Trust

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
353464.01 [XP]    25184

EXHIBIT A    0030

**F 9021-1.1**

| In re: | CHAPTER: 11 |
|---|---|
| MISSION REAL ASSOCIATES, LLC | CASE NO: 2:10-bk-22370-BR |
| Debtor(s). | ADV NO.: |

Franchise Tax Board
P O Box 2952
Sacramento, CA  95812-2952

Iraq Farhadian
20419 Lemarsh Street
Chatsworth, CA  91311

Jonathan Baharvar
4508 Valdez Pl
Tarzana, CA  91356

Marc Ashghian
11900 W Olympic Blvd, Suite 540
Los Angeles, CA  90064

Mariscal Weeks Mcintyre
& Friedlander P.A.
c/o William Novotay
2901 N Central Ave., Suite 200
Phoenix, AZ  85012

MidFirst Bank
3030 E. Camelback Road
Phoenix, Arizona  85016

Ruben Melamed
4801 W Jefferson Bl.
Los Angeles, CA  90016-3920

Satrap Family Trust Dated 7/28/1988
c/o Abbas Satrap Trustee
3908 Castlerock Road
Malibu CA  90265

The Sunset Trust
c/o Teymour Khouhian, Trustee
P.O. Box 572532
Tarzana, CA  91357

Wall Street Nevada LLC
c/o The Merill Group Of Companies
5850 Canoga Ave Suite 650
Woodland Hills, CA  91367

William K. Swank
c/o Jonathan G. Fetterly
Holme Roberts & Owned LLP
800 W Olympic Blvd, 4th Fl
Los Angeles, CA  90015

EXHIBIT "1"