RICHARD K. DIAMOND (State Bar No. 070634)
rdiamond@dgdk.com
WALTER K. OETZELL (State Bar No. 109769)
woetzell@dgdk.com
STEVEN J. SCHWARTZ (State Bar No. 200586)
sschwartz@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Debtor and Debtor-in-Possession,
Mission Real Associates, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MISSION REAL ASSOCIATES, LLC,<br><br>Debtor. | Case No. 2:10-bk-22370-BR<br><br>Chapter 11<br><br>NOTICE OF MOTION AND MOTION FOR (1) EXTENSION OF DEADLINE TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION; (2) CONTINUANCE OF HEARING ON DISCLOSURE STATEMENT; AND (3) EXTENSION OF EXCLUSIVITY PERIODS FOR FILING AND SEEKING ACCEPTANCES OF PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF R. TODD NEILSON IN SUPPORT THEREOF<br><br>Date:  July 20, 2010<br>Time:  10:00 a.m.<br>Place: Courtroom "1668"<br>        255 E. Temple Street<br>        Los Angeles, CA 90012 |

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:

**PLEASE TAKE NOTICE** that Mission Real Associates, LLC, the Debtor and Debtor-in-Possession in the above-referenced chapter 11 proceeding ("Mission Real" or the "Debtor"), hereby moves the Court for an order: (1) extending the period in which the Debtor has the exclusive right

- 1 -

354841.01 [XP]    25431

to file a plan of reorganization from July 29, 2010 to and including October 29, 2009; (2) extending and the period in which the Debtor has the exclusive right to seek acceptances of a plan of reorganization from September 29, 2010 to and including December 29, 2010 (the "Motion"); (3) extending the deadline to file a Disclosure Statement and Plan of Reorganization from June 29, 2010 to and including October 29, 2010; and continuing the hearing to determine the adequacy of the Debtor's Disclosure Statement (the "Disclosure Statement Hearing") to a date and time convenient for the Court not earlier than December 6, 2010. This is the Debtor's first request for an extension of the exclusive periods and related deadlines in this case.

The Debtor submits this Motion pursuant to 11 U.S.C. § 1121; FRBP 3016; and Local Bankruptcy Rule 9013-1(d).

The Motion is based upon this Notice of Motion and Motion, the attached declaration, all pleadings and records on file in this case, and upon such other evidentiary matters as may be presented to the Court regarding the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any party opposing the relief sought by the motion must file a written opposition setting forth the facts and law upon which the opposition is based and must appear at the hearing on the motion. Any such response to the motion must be filed with the Clerk of the Court and served upon counsel for the Trustee named in the upper left-hand corner of this notice not less than fourteen (14) calendar days prior to the hearing on the motion.

Pursuant to Local Bankruptcy Rule 9013-1(h), any response not timely filed and served may be deemed by the Court to be consent to the granting of the motion.

Dated: June 23, 2010

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
STEVEN J. SCHWARTZ
Attorneys for Debtor and Debtor-in-Possession

354841.01 [XP]     25431

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

The Debtor is seeking its first extension of the deadlines to file a Disclosure Statement and Plan of Reorganization and to extend the exclusivity periods for filing and solicitation of acceptances of the Plan of Reorganization (collectively, the "Extensions"). The basis for the Extensions is that the Debtor needs additional time to propose a liquidating plan pursuant to which the Debtor will distribute to creditors the net proceeds of sale of its only asset, which is its interest in the Wilshire Bundy Property (defined below). The Debtor's joint motion to confirm the sale of the Wilshire Bundy Property was denied by the Court without prejudice, pending a trial on the issue of whether the Debtor can sell property co-owned by the estate and other non-debtor creditors pursuant to Section 363(h) of the Bankruptcy Code. The Debtor anticipates that these issues will not be resolved and the sale will not be confirmed prior to the expiration of the Exclusivity Period on July 29, 2010 and it is impractical for the Debtor to file a Disclosure Statement prior to the resolution thereof. Accordingly, cause exists for the requested Extensions which should be approved.

**II.**

**FACTS AND PROCEDURAL HISTORY**

A.    The Chapter 11 Filing

On March 31, 2010 (the "Petition Date"), Mission Real commenced this case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Code"). The bankruptcy schedules have been filed, and Mission Real operates as a debtor-in-possession. No creditors committee has been appointed in this case. The first 341(a) meeting of creditors took place on June 17, 2010 at 2:00 p.m. and was concluded.

B.    The Debtor's Principal Asset.

Mission Real is one of eight Limited Liability Companies that own an interest in certain property located at Wilshire Bundy Plaza, 12121 Wilshire Boulevard, Los Angeles, California (the "Wilshire Bundy Property"). The Wilshire Bundy Property, situated on the northwest corner of

- 3 -

Wilshire Boulevard and Bundy Drive in the Brentwood District of Los Angeles, is comprised of approximately 1.02 acres of land and a Class A 14 story office building with more than 307,000 square feet of office space.

The fee interest in one of the parcels comprising the land portion of the Wilshire Bundy Property is owned by three limited liability companies as tenants in common: Bundy Dimes, LLC,[1] which owns a 67% interest in the land; Bunherst, LLC, which owns an 18% interest; and Tribun, LLC, which owns a 15% interest (collectively, the Land Owners"). The Land Owners lease this portion of the land, pursuant to a ground lease, to five limited liability companies that own the improvements and the fee interest in the other parcels which comprise the land portion of the Property: Civic Palm, LLC, which owns a 17.3% interest in the improvements; Mission Real, which owns a 52% interest; Wilbun 7, LLC, which owns a 14.7% interest; Wilshire Bundy Holdings, LLC, which owns a 15% interest; and Bunwil Capital, LLC,[2] which owns a 1% interest (collectively, the "Building Owners" and together with the Land Owners, the "Property Owners"). The Property is managed by Pentaco Management, Inc. ("Pentaco"). Mission Real and the other Building Owners are collectively responsible for the building's operations.

Ezri Namvar ("Namvar")[3] owns a 91.5% membership interest in Mission Real and his brother, Tony Namvar, owns 7.5%. Mission Real Manager, LLC owns a 1% membership interest in the Debtor and is the managing member of the Debtor. R. Todd Neilson is the successor member and manager of Mission Real Manager, LLC. Hence, Mr. Neilson is the manager of the Debtor.

---

[1] Bundy Dimes, LLC filed a voluntary Chapter 11 bankruptcy petition on March 31, 2010, and was assigned case number 2:10-bk-22149-BR.

[2] Bunwil Capital, LLC filed a voluntary Chapter 11 bankruptcy petition on March 31, 2010, and was assigned case number 2:10-bk-22153-BR.

[3] On December 22, 2008, petitioning creditors of Namvar filed an involuntary petition for relief under chapter 11 of the Code. Namvar consented to the entry of the order for relief on or about January 29, 2009, and the order for relief was entered. On March 11, 2009, the Court entered an order approving the employment of R. Todd Neilson, as Chapter 11 Trustee of Namvar.

-4-

    C.    <u>Events Leading Up to and Cause of Chapter 11 Filing</u>

On March 18, 2010, R. Todd Neilson, in his capacity as Chapter 11 Trustee for Ezri Namvar (the "Namvar Trustee"), filed his Motion for an Order (A) Approving Sale Procedures and Bid Protections, Including Break-Up Fee and Contingent Expense Reimbursement, In Connection With the Sale of the Land and Building Located at Wilshire Bundy Plaza; (B) Scheduling an Auction and a Hearing to Consider Approval of Sale; (C) Approving Notice of Auction and Hearing on Approval of Sale; (D) Approving the Purchase and Sale Agreement With the Stalking Horse Bidder; (E) Approving the Procedures for the Assumption and Assignment of Leases and Contracts; and (F) Granting Related Relief filed in the Namvar Case, docket entry no. 447 (the "Sale Procedures Motion"). The Sale Procedures Motion sought to set procedures for an auction of the Wilshire Bundy Property subject to Bankruptcy Court approval, free and clear of all liens, claims and interests with the same to attach to the net sale proceeds with the same force and effect.

The Debtor filed this Bankruptcy Case as a result of the shortfall in income generated by the Wilshire Bundy Property to pay taxes and other expenses to which the Debtor is liable, in an effort to maximize the value of the Debtor's sole asset, its interest in the Wilshire Bundy Property, for the benefit of the estate and its creditors, and in order to protect the equity in its interest in the Wilshire Bundy Property from claims of disputed creditors that asserted rights to foreclose equitable liens on the Wilshire Bundy Property, to attach the rents from the Wilshire Bundy Property and to assert other liens and interests in the Wilshire Bundy Property.

    D.    <u>Significant Events Subsequent to Bankruptcy Filing.</u>

On April 1, 2010, the Debtor filed a Complaint against Civic Palm, LLC, Wilbun 7, LLC, Wilshire Bundy Holdings, LLC, and Bunwil Capital, LLC for an order authorizing the Debtor to sell both the interest of the estate and co-owners in the Wilshire Bundy Property pursuant to Section 363(h) of the Bankruptcy Code. The filing of the complaint initiated Adversary Proceeding No. 10-ap-01637-ER (the "363(h) Action").

On April 6, 2010, the Court entered an Order granting the Sale Procedures Motion. On or about April 8, 2010, the Namvar Trustee, the Debtor, Bundy and Bunwil filed a Joint Motion for an Order (A) Approving the Sale of the Land and Building Located at Wilshire Bundy Plaza Free and

- 5 -

Clear of Certain Liens, Claims, Interests, and Encumbrances; (B) Authorizing Distribution of the Sale Proceeds to the Trustee; (C) Authorizing the Trustee to Pay Certain Costs of Sale and Commission; (D) Authorizing the Assumption and Assignment of Contracts and Leases; and (E) Granting Related Relief (the "Sale Motion"). An auction was held on May 11, 2010, upon which the winning bidder was DEI X Partnership REIT, LP ("DEI") at the sale price of $111,000,000.

A hearing was conducted on May 12, 2010 at 10:00 a.m. on the Sale Motion. Concurrently therewith, a hearing was held on the Debtor's Motion for Summary Judgment on the 363(h) Action (the "Summary Judgment Motion"). The Court denied the Summary Judgment Motion, and as a consequence thereof, denied the Sale Motion without prejudice. The Court subsequently set a trial date of August 23, 2010 at 10:00 a.m. on the 363(h) Action along with related deadlines.

D.   <u>Steps Taken To Date in Formulating Reorganization Plan</u>

The Court has set a deadline of June 29, 2010 for the Debtor to file a Disclosure Statement and Plan of Reorganization and has set a hearing to determine the adequacy of the Disclosure Statement for July 20, 2010 at 10:00 a.m. As of the date of this Motion, no claims bar date has been set. As mentioned above, the Debtor contemplates filing a liquidating plan, which will involve the distribution of the estate's interest in net sale proceeds to creditors. In addition to the steps taken toward sale of the property identified above, the Debtor has taken the following measures to maintain the Wilshire Bundy Property pending a sale.

1.   <u>Use of Cash Collateral</u>

On April 5, 2010, the Debtor filed its emergency motion for use of cash collateral with regard to the income derived from the Wilshire Bundy Property. On April 14, 2010, the Court granted the Debtor's motion for use of cash collateral on an interim basis and set a final hearing on the Debtor's use of cash collateral. On April 20, 2010, the Court granted the Debtor's motion for use of cash collateral on an interim basis. On May 6, 2010, the Court entered its order authorizing the Debtor's use cash collateral on a final basis.

2.   <u>Incurring Post-Petition Obligation</u>

On May 6, 2010, the Debtor filed its Motion for an Order Authorizing the Debtor to Incur Obligation to Pay Expenses of Wilshire Bundy Property Pending Sale (the "Motion to Incur"). The

354841.01 [XP]        25431

1 | Motion to Incur sought to continue the use of certain funds generated from the sale of property
2 | owned by related entities to pay taxes and other necessary expenses of the Wilshire Bundy
3 | Property. The Order approving the Motion to Incur on a final basis was entered on June 10, 2010.

### III.
### THE COURT HAS THE AUTHORITY TO GRANT THE DEBTOR AN EXTENSION OF THE EXCLUSIVE PERIODS FOR FILING AND SEEKING ACCEPTANCES OF A PLAN OF REORGANIZATION

Section 1121 of the Bankruptcy Code governs who may file a plan of reorganization. Section 1121(b) grants a debtor an exclusive period of 120 days after the date the petition was filed to file a plan of reorganization. If a debtor files a plan within the 120-day period, §1121(c)(3) prohibits other parties from filing competing plans while the debtor solicits acceptances thereto until 180 days after the date that the petition was filed. In the present case, the Debtor seeks to extend both the 120-day and the 180-day periods. Under §1121(d), this Court may extend both of these periods "for cause". Section 1121(d)(2)(A) provides that the 120-day exclusivity period may not be extended beyond a date that is 18 months after the Petition Date. Section 1121(d)(2)(B) provides that the 180 day acceptance period may not be extended beyond a date that is 20 months after the Petition Date. The Debtor is proposing three month extensions of the respective exclusivity periods which are well within the statutory limits.

The legislative history states that in enacting the statutory scheme of §1121, Congress intended to strike a balance in the plan negotiating postures between debtors and creditors. Teachers Ins. and Annuity Ass'n of America v. Lake In The Woods (In re Lake In The Woods), 10 B.R. 338, 343 (E.D. Mich. 1981); In re Tony Downs Foods Co., 34 B.R. 405 (Bankr. D. Minn. 1983); In re Ravenna Indus., Inc., 20 B.R. 886 (Bankr. N.D. Ohio 1982); H.R. Rep. No. 595, 95th Cong., 2d Sess. (1978).

Congress intended that the debtor-in-possession be given the first opportunity to file an acceptable plan of reorganization and to solicit acceptances. Congress attempted to strike a balance between the creditors' rights to avoid unreasonable delays against the debtor's need for a reasonable

354841.01 [XP]    25431

period of time during which to formulate and negotiate a meaningful plan of reorganization. See, H.R. Rep. No. 595, supra. Congress realized that while it could offer guidelines, it was not in a position to determine how this delicate balance should be struck in each case. Therefore, as an integral part of the balance that §1121 achieves, Congress empowered the court, in its discretion, to reduce or increase exclusivity periods, provided the debtor, as the moving party, upon a showing of "cause". In re Tony Downs, 34 B.R. 405; In re Ravenna Indus., 20 B.R. 886. While the recent BAPCPA amendments placed a cap on the exclusivity and solicitation periods, the choice of 18 and 20 months, respectively, evidence an intention to provide debtors with significant room to deal with the peculiarities of each case.

Section 1121(d) does not define "cause", and the legislative history is sparse. "Cause might include an unusually large or unusually small case, delay by the debtor, or recalcitrance among creditors." H.R. Rep. No. 595, 95th Cong., 1st Sess. 406 (1977). "[T]he granted extension should be based on a showing of some promise or probable success." S. Rep. No. 989, 95th Cong., 2d Sess. 118 (1978).

One of the central factors in determining whether "cause" exists to extend the exclusive periods has been the debtor's progress towards a plan of reorganization. See, In re McLean Indus., Inc., 87 B.R. 830, 834 835 (Bankr. S.D.N.Y. 1987) (although case involved "a small number of creditors and lack of profits," extension of exclusive periods was warranted where case was "nevertheless complex and requires considerably further study before a plan of reorganization could be proposed and intelligently communicated to creditors for their acceptance," and the debtor "has at least pointed itself in a direction whereby it can negotiate with its creditors"); In re Pine Run Trust, Inc., 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (although "[t]he traditional ground for cause, the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization, was not established in this case," extension of exclusive periods was warranted where "substantial progress has been made in negotiations that, all concede, are critical to a successful reorganization."); In re Trainer's. Inc., 17 B.R. 246 (Bankr. E.D. Pa. 1982) (additional time required to conclude negotiations for sale of business found to constitute cause for extension).

///

1     Courts have recognized that the diligence of management and the proper administration of a bankruptcy case are additional factors, the existence of which supports the extension of periods of exclusivity. See, In re United Press International, 60 B.R. 265 (Bankr. D.D.C. 1986); In re Trainer's, Inc., 17 B.R. 246, 247 (Bankr. E.D.Pa. 1982).

## IV.

### CAUSE EXISTS TO GRANT THE DEBTOR THE EXTENSIONS

    The Debtor submits that its efforts and progress toward a successful reorganization, as well as the issues surrounding the pending litigation are cause for an extension of the exclusive periods under 11 U.S.C. § 1121, under which only the Debtor can file and seek acceptances of a plan of reorganization and the other related extensions sought herein.

    Within days after filing the bankruptcy petition, the Debtor filed its Sale Motion, initiated the Adversary Proceeding and took such other measures as were necessary to effectuate a sale of the Wilshire Bundy Property as well as to maintain the property pending the sale. Upon successful resolution of the 363(h) Action, the Debtor anticipates filing a new Motion to confirm the sale of the Property to DEI and moving forward with the sale. The Debtor anticipates that approval of the sale will not occur prior to the expiration of the Exclusivity Period or other related deadlines. Such approval is critical to the Debtor's Plan prospects. Accordingly, the Debtor will not be in a position to file a Disclosure Statement and Plan at least until the sale has been approved.

    The Debtor has been diligent in its prosecution of the bankruptcy case, has complied with all of the United States Trustee requirements, and the 341(a) has been concluded. The Debtor has sought and obtained approval of use of cash collateral and incurring of post-petition obligations for the purpose of maintaining the Wilshire Bundy Property. This is the first extension of any of the aforementioned deadlines that has been sought by the Debtor.

///
///
///
///

354841.01 [XP]    25431

# V.

# **CONCLUSION**

The Debtor submits that the foregoing facts establish cause for an extension of the exclusive periods and other related deadlines. The Debtor respectfully requests that the Court enter an Order: (1) extending the period in which the Debtor has the exclusive right to file a plan of reorganization from July 29, 2010 through and including October 29, 2010; (2) extending the period in which the Debtor has the exclusive right to seek acceptances of a plan of reorganization from September 29, 2010 through and including December 29, 2010, (3) extending the deadline for filing a Disclosure Statement and Plan from June 29, 2010 to October 29, 2010, and (4) continuing the hearing on the adequacy of the Disclosure Statement to a date and time convenient for the Court not earlier than December 6, 2010. The Debtor respectfully requests such other appropriate relief.

Dated: June 23, 2010

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
Steven J. Schwartz
Attorneys for Debtor and Debtor-in-Possession

354841.01 [XP]    25431

## DECLARATION OF R. TODD NEILSON

I, R. Todd Neilson, hereby declare as follows:

1.  I am the successor member and manager of Mission Real Manager, LLC, the managing member for Mission Real Associates, LLC, the Debtor and Debtor in Possession herein (the "Debtor" or "Mission Real"). My address is 2049 Century Park East, Ste 2300, Los Angeles, CA 90067.

2.  I am over the age of 18 years and competent to give this declaration. The matters stated herein are true and correct and based upon my personal knowledge except as to such matters stated on information and belief which matters I believe to be true.

3.  On March 31, 2010 (the "Petition Date"), Mission Real commenced this case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Code"). The bankruptcy schedules have been filed, and Mission Real operates as a debtor-in-possession. No creditors committee has been appointed in this case.

4.  Mission Real is one of eight limited liability companies that own an interest in certain property located at Wilshire Bundy Plaza, 12121 Wilshire Boulevard, Los Angeles, California (the "Wilshire Bundy Property"). The Wilshire Bundy Property, situated on the northwest corner of Wilshire Boulevard and Bundy Drive in the Brentwood District of Los Angeles, is comprised of approximately 1.02 acres of land and a Class A 14 story office building with more than 307,000 square feet of office space.

5.  According to a Preliminary Title Report which obtained from Chicago Title Company, the Wilshire Bundy Property is owned as follows: The fee interest in one of the parcels comprising the land portion of the Wilshire Bundy Property is owned by three limited liability companies as tenants in common: Bundy Dimes, LLC, which owns a 67% interest in the land; Bunherst, LLC, which owns an 18% interest; and Tribun, LLC, which owns a 15% interest (collectively, the Land Owners"). The Land Owners lease this portion of the land, pursuant to a ground lease, to five limited liability companies that own the improvements and the fee interest in the other parcels which comprise the land portion of the Wilshire Bundy Property: Civic Palm,

- 11 -

LLC, which owns a 17.3% interest in the improvements; Mission Real, which owns a 52% interest; Wilbun 7, LLC, which owns a 14.7% interest; Wilshire Bundy Holdings, LLC, which owns a 15% interest; and Bunwil Capital, LLC, which owns a 1% interest (collectively, the "Building Owners" and together with the Land Owners, the "Property Owners").

6. Ezri Namvar ("Namvar") owns a 91.5% membership interest in Mission Real and his brother, Tony Namvar, owns 7.5%. Mission Real Manager, LLC owns a 1% membership interest in the Debtor and is the managing member of the Debtor. I am the successor member and manager of Mission Real Manager, LLC. Hence, I am the manager of the Debtor.

7. On March 18, 2010, in my capacity as Chapter 11 Trustee for Ezri Namvar, I caused to be filed my Motion for an Order (A) Approving Sale Procedures and Bid Protections, Including Break-Up Fee and Contingent Expense Reimbursement, In Connection With the Sale of the Land and Building Located at Wilshire Bundy Plaza; (B) Scheduling an Auction and a Hearing to Consider Approval of Sale; (C) Approving Notice of Auction and Hearing on Approval of Sale; (D) Approving the Purchase and Sale Agreement With the Stalking Horse Bidder; (E) Approving the Procedures for the Assumption and Assignment of Leases and Contracts; and (F) Granting Related Relief filed in the Namvar Case, docket entry no. 447 (the "Sale Procedures Motion"). The Sale Procedures Motion sought to set procedures for an auction of the Wilshire Bundy Property subject to Bankruptcy Court approval, free and clear of all liens, claims and interests with the same to attach to the net sale proceeds with the same force and effect.

8. The Debtor filed this Bankruptcy Case as a result of the shortfall in income generated by the Wilshire Bundy Property to pay taxes and other expenses to which the Debtor is liable, in an effort to maximize the value of the Debtor's sole asset, its interest in the Wilshire Bundy Property, for the benefit of the estate and its creditors, and in order to protect the equity in its interest in the Wilshire Bundy Property from claims of disputed creditors that asserted rights to foreclose equitable liens on the Wilshire Bundy Property, to attach the rents from the Wilshire Bundy Property and to assert other liens and interests in the Wilshire Bundy Property.

9. On April 1, 2010, the Debtor filed a Complaint against Civic Palm, LLC, Wilbun 7, LLC, Wilshire Bundy Holdings, LLC, and Bunwil Capital, LLC for an order authorizing the

Debtor to sell both the interest of the estate and co-owners in the Wilshire Bundy Property pursuant to Section 363(h) of the Bankruptcy Code. The filing of the complaint initiated Adversary Proceeding No. 10-ap-01637-ER (the "363(h) Action").

10. On April 6, 2010, the Court entered an Order granting the Sale Procedures Motion. On or about April 8, 2010, the Debtor, Bundy and Bunwil and I, in my capacity as the Namvar Trustee, filed a Joint Motion for an Order (A) Approving the Sale of the Land and Building Located at Wilshire Bundy Plaza Free and Clear of Certain Liens, Claims, Interests, and Encumbrances; (B) Authorizing Distribution of the Sale Proceeds to the Trustee; (C) Authorizing the Trustee to Pay Certain Costs of Sale and Commission; (D) Authorizing the Assumption and Assignment of Contracts and Leases; and (E) Granting Related Relief (the "Sale Motion"). An auction was held on May 11, 2010, upon which the winning bidder was DEI X Partnership REIT, LP ("DEI") at the sale price of $111,000,000.

11. A hearing was conducted on May 12, 2010 at 10:00 a.m. on the Sale Motion. Concurrently therewith, a hearing was held on the Debtor's Motion for Summary Judgment on the 363(h) Action (the "Summary Judgment Motion"). The Court denied the Summary Judgment Motion, and as a consequence thereof, denied the Sale Motion without prejudice. The Court subsequently set a trial date of August 23, 2010 at 10:00 a.m. on the 363(h) Action along with related deadlines.

12. The Court has set a deadline of June 29, 2010 for the Debtor to file a Disclosure Statement and Plan of Reorganization and has set a hearing to determine the adequacy of the Disclosure Statement for July 20, 2010 at 10:00 a.m. As of the date of this Motion, no claims bar date has been set. As mentioned above, the Debtor contemplates filing a liquidating plan, which will involve the distribution of the estate's interest in net sale proceeds to creditors. In addition to the steps taken toward sale of the property identified above, the Debtor has taken the following measures to maintain the Wilshire Bundy Property pending a sale.

13. On April 5, 2010, the Debtor filed its emergency motion for use of cash collateral with regard to the income derived from the Wilshire Bundy Property. On April 14, 2010, the Court granted the Debtor's motion for use of cash collateral on an interim basis and set a final hearing on

1 | the Debtor's use of cash collateral. On April 20, 2010, the Court granted the Debtor's motion for
2 | use of Cash Collateral on a final basis. On May 6, 2010, the Court entered its order authorizing the
3 | Debtor's use cash collateral on a final basis.

4 |     14.    On May 6, 2010, the Debtor filed its Motion for an Order Authorizing the Debtor to
5 | Incur Obligation to Pay Expenses of Wilshire Bundy Property Pending Sale (the "Motion to
6 | Incur"). The Motion to Incur sought to continue the use of certain funds generated from the sale of
7 | property owned by related entities to pay taxes and other necessary expenses of the Wilshire Bundy
8 | Property. The Order approving the Motion to Incur on a final basis was entered on June 10, 2010.

9 |     15.    Within days after filing the bankruptcy petition, the Debtor filed its Sale Motion,
10 | initiated the Adversary Proceeding and took such other measures as were necessary to effectuate a
11 | sale of the Wilshire Bundy Property as well as to maintain the property pending the sale. Upon
12 | successful resolution of the 363(h) Action, the Debtor anticipates filing a new Motion to confirm
13 | the sale of the Property to DEI and moving forward with the sale. The Debtor anticipates that
14 | approval of the sale will not occur prior to the expiration of the Exclusivity Period. Such approval
15 | is critical to the Debtor's Plan prospects. Accordingly, the Debtor will not be in a position to file a
16 | Disclosure Statement and Plan at least until the sale has been approved.

17 |     16.    The Debtor has been diligent in its prosecution of the bankruptcy case, has complied
18 | with all of the United States Trustee requirements, and the 341(a) has been concluded. The Debtor
19 | has sought and obtained approval of use of cash collateral and incurring of post-petition obligations
20 | for the purpose of maintaining the Wilshire Bundy Property. This is the first extension of any of
21 | the aforementioned deadlines that has been sought by the Debtor.
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

354841.01 [XP]    25431

17. Based upon the above facts, I believe that adequate cause exists for the Court to approve the requested extensions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23th day of June, 2010 at Los Angeles, California

_____
R. Todd Neilson

- 15 -

354841.01 [XP]  25431

| In re:                         |            | CHAPTER: 11                    |
|--------------------------------|------------|--------------------------------|
| MISSION REAL ASSOCIATES, LLC   |            | CASE NO.: 2:10-bk-22370-BR     |
|                                | Debtor(s). | ADV. NO:                       |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

   2029 Century Park East, Third Floor
   Los Angeles, California 90067-2904

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION FOR (1) EXTENSION OF DEADLINE TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION; (2) CONTINUANCE OF HEARING ON DISCLOSURE STATEMENT; AND (3) EXTENSION OF EXCLUSIVITY PERIODS FOR FILING AND SEEKING ACCEPTANCES OF PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF R. TODD NEILSON IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 23, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

   ☑ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):** On June 23, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   ☑ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 23, 2010 | Cheryl Caldwell | *Cheryl Caldwell* |
|---------------|-----------------|-------------------|
| Date          | Type Name       | Signature         |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                             **F 9013-3.1**
354841.01 [XP] 25431

| In re: | | CHAPTER: 11 |
|---|---|---|
| | MISSION REAL ASSOCIATES, LLC | CASE NO: 2:10-bk-22370-BR |
| | Debtor(s). | ADV NO.: |

**ADDITIONAL SERVICE INFORMATION (if needed):**

I. **BY NOTICE OF ELECTRONIC FILING ("NEF")**

Simon Aron   saron@wrslawyers.com
Russell Clementson   russell.clementson@usdoj.gov
Brian L Davidoff   bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
Richard K Diamond   rdiamond@dgdk.com
Jeffery D Hermann   jhermann@orrick.com
William W Huckins   whuckins@allenmatkins.com, clynch@allenmatkins.com
James KT Hunter   jhunter@pszjlaw.com
Yale K Kim   ykim@allenmatkins.com
Stuart I Koenig   Skoenig@cmkllp.com
Jeffrey A Krieger   jkrieger@ggfirm.com
Scotta E McFarland   smcfarland@pszjlaw.com, smcfarland@pszjlaw.com
Hal M Mersel   mark.mersel@bryancave.com
Walter K Oetzell   woetzell@dgdk.com
Malhar S Pagay   mpagay@pszjlaw.com, mpagay@pszjlaw.com
Leo D Plotkin   lplotkin@lsl-la.com, dsmall@lsl-la.com
David M Poitras   dpoitras@jmbm.com
Christopher S Reeder   creeder@reederlugreen.com
Steven J Schwartz   sschwartz@dgdk.com
Kambiz J Shabani   kevin@shabanipartners.com
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

II. **BY U.S. MAIL:**

Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple St., Ste. 1660
Los Angeles, CA 90012

Don Kerr, Esq.
LNR Partners Inc.
1601 Washington Avenue, Suite 700
Miami Beach, Florida 33139

Sandy Frey
Creim Macias Koenig & Frey, LLP
633 West 5th Street, 51st Floor
Los Angeles, CA 90071

Counsel for Namvar Creditors Committee
Leonard Shulman
Shulman, Hodges, & Bastian, LLP
26632 Towne Centre Dr Ste 300
Foothill Ranch, CA 92610

Melissa Davis
Shulman, Hodges, & Bastian, LLP
26632 Towne Centre Dr Ste 300
Foothill Ranch, CA 92610

Attorney for Dimes, LLC, Involuntary Debtor
David Meadows
Law Offices of David W. Meadows
1801 Century Park E Ste 1250
Los Angeles, CA 90067

Mission Real Associates, LLC
R. Todd Neilson, Trustee
Estate of Ezri Namvar
c/o LECG, LLC
2049 Century Park East, Ste 2300
Los Angeles, CA 90067

Escrow Agent
Stewart Title Guaranty Company
1980 Post Oak Boulevard, Suite 610
Houston, TX 77056
Attn: Patricia Rodricks

Louis A. Cicalese
12121 Wilshire Blvd. Suite 200
Los Angeles, CA 90025

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                  **F 9013-3.1**

354841.01 [XP] 25431